IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BUCK CREEK VENTURES, LLC, | : | |
| Plaintiff, | : | |
| v. | : | Case No.: 5:12-CV-233 (WLS) |
| FOWLERS HOLDINGS LLLP *et al*, | : | |
| Defendants. | : | |

**ORDER**

Before the Court is Plaintiff Buck Creek Ventures LLC's Motion to Dissolve Receivership. (Doc. 64.) In the motion, Buck Creek requests that the Court dissolve a receivership over property owned by Defendant Fowlers Holdings and Fowlers Furniture because the plaintiff "is currently negotiating with Defendants to resolve its claims against Defendants . . . and is satisfied based on its ongoing negotiations with Defendants that there is no longer any continued need for a receiver to marshal, monitor, and report on the collateral subject to the receivership." (*Id.* at 2.)

The discharge of a receiver is within a district court's discretion. *United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995). "When the reason for continuing the receivership has ceased," however, "the property should be discharged and restored to the owner." *Consol. Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322, 327 (1st Cir. 1988) (quoting James Wm. Moore, *Moore's Federal Practice* § 66.04[7] (2d. ed. 1988)).

Based on Buck Creek's representations, and CertusBank's earlier dismissal from this case, the Court concludes a receivership is no longer necessary. Accordingly, the court-appointed receiver his hereby **DISCHARGED** from any further obligation under the Court's previous orders.

[Date and signature on following page]

1

**SO ORDERED**, this ___3rd___ day of February, 2014.

                                               _/s/ W. Louis Sands_
                                               **W. LOUIS SANDS, JUDGE**
                                               **UNITED STATES DISTRICT COURT**